UNION TRUST CO. *v.* COMMON COUNCIL OF CITY OF DETROIT.

MUNICIPAL CORPORATIONS—APPROPRIATIONS—CONSTRUCTION.
An appropriation for a new pumping station and machinery, in the absence of evidence that a site was not intended, must be construed to include all things necessary for the station, including a site.

Appeal from Wayne; Mandell, J. Submitted June 10, 1909. (Docket No. 51.) Decided September 21, 1909.

Bill by the Union Trust Company, administrator of the estate of Joseph H. Berry, deceased, and others, against

the common council of the city of Detroit and others to enjoin the payment for a site for a pumping station. From a decree for complainant, defendants appeal. Reversed, and bill dismissed.

*Angell, Boynton, McMillan & Bodman,* for complainants.

*Richard I. Lawson* (*P. J. M. Hally,* of counsel), for defendants.

HOOKER, J. In planning and providing for sewers for that portion of the city of Detroit which was previously known as Fairview, it was found necessary to include a pumping station and pumps. The commissioner of public works asked the council and the board of estimates for an appropriation in the following language:

"Newly annexed district, Fairview, for constructing to Connor's creek, sewer and outlet, $100,000. For pumping station and machinery, $60,000."

This was referred to the committee on estimates, and it was reported by said committee in the same language. This report was unanimously adopted by the council, and the amount was raised by tax in the year 1907. Thereupon the commissioner of public works entered into a contract for a site for the pumphouse, for the sum of $20,000, and this was confirmed by the council September 8, 1908. Thereupon the complainants filed the bill in this cause, and procured a decree restraining the payment for said site, and the defendants have appealed.

Oral testimony was given showing that the city engineer made the estimate, and that from such estimate remaining in his office it appeared that he did not include any sum for a site. It also appeared by testimony that the sums recommended were found insufficient to pay for the construction of the sewer and the erection of the pumphouse and machinery, and the city engineer has asked for $102,000 in addition to the $160,000 raised, in which he includes $20,000 for a site. The engineer testi-

fied that he omitted an item for a site in his first estimate because he supposed the house would be built on land then owned by the city. We do not discover that the council was advised of the engineer's omission to include an item for a site, or his supposition that the pumphouse would be erected on land then belonging to the city, or that either the council or board of estimates supposed the site not to be included in the estimate, or approved of a location on land then belonging to the city. There cannot well be a pumping station without a site, and it would be naturally inferred that an appropriation for a pumping station and machinery included any and all things necessary for the purpose in view, site, building, machinery, pumps, and any other items not specifically mentioned. We must so hold, in the absence of clearer evidence than this record affords that the council intended something less.

The decree is reversed, and the bill dismissed, with costs of both courts.

GRANT, MONTGOMERY, OSTRANDER, and MOORE, JJ., concurred.